McKinney v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-009-CR

        TIMOTHY McKINNEY,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 30705
                                                                                                    

O P I N I O N
                                                                                                    

          Appellant Timothy McKinney was indicted on a single count of the aggravated sexual
assault of a child, his twelve-year-old stepdaughter. Tex. Penal Code Ann. § 22.021 (Vernon
1994 & Supp. 1997). McKinney entered an open plea of guilt, which preceded a trial before a
jury on punishment. The jury assessed punishment at 30 years' confinement in the Texas
Department of Criminal Justice-Institutional Division. McKinney raises a single point of error on
appeal—that the trial court erred in allowing into evidence the victim's outcry statement because
the witness who offered the statement was not the first adult to whom the victim made the
statement. We affirm.
          Article 38.072 of the Code of Criminal Procedure provides for the admissibility of hearsay
statements made by the victims of certain assaultive offenses who are twelve-years-old or younger. 
The version of article 38.072 applicable at the time of the offense provided:
Sec. 1. This article applies to a proceeding in the prosecution of an offense under any of
the following provisions of the Penal Code, if committed against a child 12 years of age
or younger:
 
(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);
 
(2) Section 25.02 (Incest);
 
(3) Section 25.06 (Solicitation of a Child, added by Chapter 413, Acts of the 65th
Legislature, Regular Session, 1977), or
 
(4) Section 43.25 (Sexual Performance by a Child).
 
Sec. 2. (a) This article applies only to statements that describe the alleged offense that:
 
(1) were made by the child against whom the offense was allegedly committed; and
 
(2) were made to the first person, 18 years of age or older, other than the
defendant, to whom the child made a statement about the offense.
 
(b) A statement that meets the requirements of Subsection (a) of this article is not
inadmissible because of the hearsay rule if:
 
(1) on or before the 14th day before the date the proceeding begins, the party
intending to offer the statement:
 
(A) notifies the adverse party of its intention to do so;
 
(B) provides the adverse party with the name of the witness through whom
it intends to offer the statement; and
 
(C) provides the adverse party with a written summary of the statement;
 
(2) the trial court finds, in a hearing conducted outside the presence of the jury,
that the statement is reliable based on the time, content, and circumstances of the
statement; and
 
(3) the child testifies or is available to testify at the proceeding in court or in any
other manner provided by law.

Act of June 13, 1985, 69th Leg., R.S., ch. 590, § 1, 1985 Tex. Gen. Laws 2223 (amended 1995)
(current version at Tex. Crim. Proc. Code Ann. art. 38.072 (Vernon Supp. 1997)).
          A hearing outside the presence of the jury was held on the admissibility of the victim's
outcry statement. The trial court considered the following facts in determining the admissibility
of the statement. After the date of the offense, the victim told some of her classmates about the
incident and then, some time later, notified her mother. The mother did not initially believe the
victim, although she did question McKinney about the allegation that same evening. The mother
decided not to pursue any course of action in response to the allegation at that time, and she sent
the victim on to school the following morning. At school, the victim informed a counselor, Wilma
Reed, about the assault. Reed asked the victim some questions about the offense and thereupon
decided to inform Child Protective Services so that it could investigate.
          At the hearing, the following discussion took place on the admissibility of the statement:
[DEFENSE]: . . . I think that at this point I would go ahead and launch an objection to
this witness testifying before the jury. The reason is this: There is no longer an issue as
to guilt or innocence. Consequently, there is no requirement by the State to prove by
means of an outcry statement that assault occurred.
 
All that this witness is going to be able to state is hearsay. It's material that's already been
presented to the Court. [The victim] has already stated that she has told Ms. Reed about
this. As I understand, Ms. Reed is simply going to say, yes, she told me about this. I
don't think it adds anything to the case.
 
. . . Again, since there is no question of guilt or innocence, it is not something that is
required to be done in this case to prove the case up. Because of that, it seems to be
repetitive[;] it's hearsay . . . and has no further value in this proceeding.
 
[STATE]: Judge, in response. First of all, just because the Defendant's pled guilty
doesn't mean that somehow the State's evidence is cut off. That's my first response.
 
Second of all, she can testify to the other things she saw, as to what she observed of the
girl[.] I mean, all of her testimony will not be hearsay. So, I think she has other things
to bring to this trial besides the purposes of the notice of the 38.072. And the Code
provides for the admission of this type of hearsay evidence.
 
I think it's evidence that the jury ought to hear so they can hear the facts and the
circumstances surrounding this case. I think they need to hear about the outcry. I think
they need to hear about the fact that she came to her school counselor.
 
[DEFENSE]: They have heard that.
 
[STATE]: Judge, they haven't heard all the facts and circumstances surrounding that,
about her demeanor, about her behavior, about how she appeared both before and after. 
The jury hasn't heard that. I haven't heard anybody testify to that.
 
[DEFENSE]: I wouldn't object to her testifying about that sort of thing. I am going to
object about hearsay because now there's no longer a need to have that hearsay statement
in the record as there would be in a case of a guilt or innocence phase. It has now reverted
back to standard hearsay.
 
. . .
 
THE COURT: Okay. The Court will overrule the objection.

          To preserve a complaint for appellate review, the complaining party must make a timely,
specific objection and obtain a ruling on the objection. Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995); Hanley v. State, 921 S.W.2d 904, 909 (Tex. App.—Waco 1996, pet.
ref'd); see Tex. R. App. P. 52(a). In addition, the point of error must correspond to the complaint
made at trial. Broxton, 909 S.W.2d at 918; Hanley, 921 S.W.2d at 909. An objection stating one
legal theory may not be used to support a different legal theory on appeal. Broxton, 909 S.W.2d
at 918; Hanley, 921 S.W.2d at 909.
          McKinney's point on appeal does not comport with his complaint at trial. McKinney
objected to the admission of the victim's outcry statement to Reed on the ground that such
information was only relevant to McKinney's guilt or innocence and, since McKinney entered an
open plea of guilt on the indictment, the outcry statement would be irrelevant. On appeal,
McKinney claims that the statement should not have been admitted because the victim first made
her outcry to her mother, which would allegedly render the statement inadmissible under article
38.072, section 2(a)(2). These are two different complaints. Because his point of error does not
comport with his objection at trial, McKinney failed to preserve his complaint for appeal. His
point of error is therefore overruled, and the judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 20, 1996
Do not publish